UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TSEGA TEWOLDEMEDHIN HAGOS (A# 221-417-399),

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-04432 TLN SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through counsel with a habeas corpus action pursuant to 28 U.S.C. § 2241. The assigned District Judge referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 4.

**I. Factual and Procedural History**

Petitioner is a native and citizen of Ethiopia who entered the United States without inspection on May 20, 2025. ECF No. 8-1 at 3. Border Patrol Agents arrested Petitioner shortly after and processed her for expedited removal under 8 U.S.C. § 1225(b)(1). Id. After an asylum officer determined Petitioner demonstrated a credible fear of persecution or torture, the Department of Homeland Security ("DHS") placed her into regular removal proceedings. ECF No. 1-2. On August 23, 2025, DHS issued Petitioner a Notice to Appear administratively charging her as inadmissible under 8 U.S.C. §§ 1182(a)(7)(A)(i)(I) (not in possession of valid entry document) and 1182(a)(6)(A)(i) (present without admission or parole). Id.

Petitioner subsequently filed applications for asylum and withholding removal, which an Immigration Judge ("IJ") denied on April 13, 2026. ECF No. 1 at 2, ¶ 2. Petitioner appealed the IJ's ruling to the Board of Immigration Appeals ("BIA") on May 8, 2026. ECF No. 1-3. Neither Party claims nor has submitted evidence that an IJ ordered Petitioner removed. Petitioner has remained continuously in immigration custody for almost fourteen months and is currently detained in the California City Immigration Processing Center within this judicial district. ECF No. 1 at 3, ¶ 7.

Petitioner filed the instant § 2241 petition on June 9, 2026, alleging that her ongoing, prolonged detention violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act ("INA") at 8 U.S.C. § 1231(a)(6), and Administrative Procedure Act ("APA"), 5 U.S.C. § 706. ECF No. 1 at 6-16. By way of relief, she seeks her release or any further relief the Court deems just and proper. Id. at 16-17. Respondent opposes the petition on grounds that 8 U.S.C. § 1225(b)(1) mandates Petitioner's detention without a bond hearing and that Petitioner has no procedural rights beyond those granted by statute. ECF No. 7 at 2-3 (citing, inter alia, DHS v. Thuraissigiam, 591 U.S. 103, 138–40 (2020)). In the alternative, relying on Banyee v. Garland, 115 F.4th 928, 931 (8th Cir. 2024), Respondent argues that detention is constitutional as long as removal proceedings are pending. Id. at 3-5.

On reply, Petitioner refutes Respondent's constitutional arguments and asserts that "[a]t minimum, due process requires a prompt bond hearing before a neutral adjudicator at which the Government bears the burden of proving, by clear and convincing evidence, that continued detention is necessary because no conditions of release can reasonably address any asserted risk of flight or danger." ECF No. 9 at 2.

## II. Legal Standards

### A. Constitutional Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Similarly, Ninth Circuit precedent holds that the Due Process Clause applies to noncitizens regardless of whether

they are "seeking admission" or are "admitted" under immigration law. Wong v. United States, 373 F.3d 952, 973 (9th Cir. 2004), abrogated on other grounds by Wilkie v. Robbins, 551 U.S. 537 (2007); see also Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023) (finding that the plaintiffs who were detained under § 1225(b)(1) adequately alleged a right under "substantive due process to bond hearings" because "the Supreme Court has consistently held that non-punitive detention violates the Constitution unless it is strictly limited, and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that the imprisonment serves the government's legitimate goals"); Rosales-Garcia v. Holland, 322 F.3d 386, 412 (6th Cir. 2003) (en banc) ("If excludable [non-citizens] were not protected by even the substantive component of constitutional due process, ... we do not see why the United States government could not torture or summarily execute them. ... [W]e conclude that government treatment of excludable [noncitizens] must implicate the Due Process Clause of the Fifth Amendment."). The Due Process Clause "protects individuals against two types of government action: violations of substantive due process and procedural due process." United States v. Quintero, 995 F.3d 1044, 1051 (9th Cir. 2021) (internal quotation omitted). As a matter of substantive due process, governmental action may only infringe a fundamental right if "the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292, 302 (1993).

The undersigned construes Petitioner's due process claim (Count 1), which alleges the denial of "an individualized custody review," ECF No. 1 at 7, ¶ 20, as arising under procedural due process. Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), applies. See Rodriguez Diaz v.

Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

**B. Statutory Immigration Framework**

A non-citizen arrested at or near the border without valid entry documents is normally ordered removed "without further hearing or review" pursuant to an expedited removal process. See 8 U.S.C. § 1225(b)(1)(A)(i). But if such non-citizen "indicates either an intention to apply for asylum . . . or a fear of persecution," then that non-citizen is referred for an asylum interview. See 8 U.S.C. § 1225(b)(1)(A)(ii). While awaiting this credible fear interview, the non-citizen is to remain detained. See 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). If an immigration officer determines after that interview that the non-citizen has a credible fear of persecution, "the [non-citizen] shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). At that point, the asylum applicant will receive full consideration of the asylum claim in a standard removal hearing.

**III. Analysis**

In reviewing Petitioner's due process challenge, the Court turns first to the question of whether Petitioner has a protected liberty interest from prolonged detention during her removal proceedings. While Petitioner's immigration case will at some point have a "definite termination point," there is no clear end in sight to her ongoing detention, which has now lasted for almost fourteen months. See Chen v. Aitken, 917 F. Supp. 2d 1013, 1018 (N.D. Cal. 2013) (holding petitioner's seven-month detention under § 1225(b) was "prolonged" because it "has lasted well beyond the typical period described in Demore [v. Kim, 538 U.S. 510 (2003)]" and "neither release nor removal are imminent"). The record does not provide this Court with any time frame in which petitioner's removal proceedings will ultimately be resolved, although Petitioner

submitted evidence that the BIA has yet to set a briefing schedule on her appeal of the IJ's asylum and withholding denials. ECF No. 1 at 2, ¶ 2; ECF No. 1-3 (appeal filing receipt). Therefore, in such circumstances, even mandatory detention statutes like § 1225(b)(1) and their implementing regulations are subject to constitutional limitations on an as-applied basis. See, e.g., Nielsen, 586 U.S. at 420; Demore, 538 U.S. at 532-33 (2003) (Kennedy, J., concurring).

Accordingly, the undersigned finds that Petitioner has a protected liberty interest and may invoke the Due Process Clause to seek protections against prolonged detention in her individualized circumstance.[1] Having so found, the Court applies the Mathews, 424 U.S. 319, framework to determine whether she is entitled to a bond hearing during the pendency of her removal proceedings. See Rodriguez Diaz, 53 F.4th at 1206-07 (assuming without deciding that the Mathews standard applies to a due process challenge to a non-citizen's ongoing detention). The undersigned will not consider Petitioner's release, as her request for that relief—as well as her statutory INA claim (Count 2)—are rooted in the Supreme Court's analysis of 8 U.S.C. § 1231(a)(6) in Zadvydas. That particular statutory provision governs detention beyond the 90-day removal period, and Petitioner here does not appear to have a final order of removal that would have triggered the start of that period. See 8 U.S.C. § 1231(a)(1)(A)-(B).

**1. Private Interest**

Turning to the first factor in Mathews, Petitioner has a strong liberty interest in avoiding prolonged detention without any bond hearing before a neutral arbiter. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. Petitioner has been detained for nearly fourteen months. Compared to the six-month presumptive

---

[1] The undersigned also rejects Respondent's argument, based on Thurassigiam, that Petitioner lacks procedural rights outside of § 1225(b)(1). ECF No. 7 at 2-3. Thuraissigiam is materially distinguishable from this case. Its "discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question." Padilla, 704 F. Supp. 3d at 1171-72; see also Sadeqi v. LaRose, 809 F. Supp. 3d 1090, 1093 (S.D. Cal. 2025) (interpreting Thuraissigiam as "circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*.") (emphasis in original). Thuraissigiam "does not foreclose . . . due process claims which seek to vindicate a right to a bond hearing with certain procedural protections." Padilla, 704 F. Supp. 3d at 1172.

period set forth in Zadvydas, beyond which continued detention becomes prolonged, petitioner's detention qualifies as prolonged. See Zadvydas, 533 U.S. at 701; Tigranyan v. Warden of California City Detention, No. 1:25-cv-01554-DJC-SCR, 2026 WL 91765 (E.D. Cal. Jan. 13, 2026) (finding that fourteen-months of detention under § 1225(b) qualified as prolonged), report and recommendation adopted, No. 1:25-CV-01554-DJC-SCR, 2026 WL 130843 (E.D. Cal. Jan. 16, 2026). An individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011); see also Lopez v. Garland, 631 F.Supp.3d 870, 880 (E.D. Cal. 2022) ("As detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.") (internal citation omitted). Moreover, Petitioner's pursuit of an appeal to the BIA does not undercut her private interest. See Lopez, 631 F.Supp.3d at 882 ("[T]he fact that Petitioner chose to pursue [an application for relief] and requested continuances to further that application does not deprive him of a constitutional right to due process.").] Despite being in custody for fourteen months, there is no clear end date for Petitioner's detention. For all these reasons, the first Mathews factor tilts in favor of Petitioner.

**2. Risk of Erroneous Deprivation**

"[T]he risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial." Diouf v. Napolitano, 634 F.3d 1081, 1092 (9th Cir. 2011) (abrogated on other grounds); see also Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018) (expressing "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional"). In Petitioner's case, a bond hearing is a critical procedural safeguard because it provides both the noncitizen and the government with an opportunity to present evidence and to be heard by a neutral adjudicator. This factor under Mathews also favors Petitioner.

**3. Government's Interest**

Under this factor, the Court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." Mathews, 424 U.S. at 335. "[T]he government has a strong interest in effecting

removal, and in protecting the public from danger." Maksim v. Warden, Golen State Annex, et al., No. 1:25-cv-00955-SKO (HC), 2025 WL 2879328, at *5 (E.D. Cal. Oct. 9, 2025) (citations omitted). "[H]owever, the key government interest at stake here is not the continued detention of Petitioner, but the government's ability to detain him without a bond hearing." Id. (citation and quotation omitted). Thus, "[p]roviding a bond hearing would not undercut the government's asserted interest in effecting removal. After all, the purpose of a bond hearing is to inquire whether the [non-citizen] represents a flight risk or danger to the community." Jimenez v. Wolf, No. 19-CV-7996 NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) (citing In re Guerra, 24 I.&N. Dec. 37 (B.I.A. 2006)); see also Velasco-Lopez v. Decker, 978 F.3d 842, 854 (2d Cir. 2020). Moreover, proving Petitioner with a bond hearing involves a "minimal" fiscal and administrative burden. Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). In sum, this factor also weighs in favor of Petitioner.

In light of this Mathews analysis, the undersigned recommends that the petition for a writ of habeas corpus be granted on Count 1 (procedural due process) and respondents be ordered to provide petitioner a bond hearing before an IJ within five days where the IJ must order petitioner released unless petitioner is found by the IJ to constitute a risk of flight or danger to the community by clear and convincing evidence. See Maksim, 2025 WL 2879328, at *6 (adopting clear and convincing evidence burden in similar circumstance); Singh, 638 F.3d at 1204 ("[D]ue process places a heightened burden of proof on the State in civil proceedings in which the individual interests at stake ... are both particularly important and more substantial than mere loss of money.").[2]

---

[2] While the procedural due process framework is sufficient for resolving this petition, in light of Respondent's substantive due process arguments, ECF No. 7 at 5-6, the undersigned notes that substantive due process would also dictate that a bond hearing is necessary to test whether further prolonged § 1225(b)(1) detention is justified. See Padilla, 704 F. Supp. 3d at 1172 (recognizing need for bond hearings under substantive due process because "non-punitive detention violates the Constitution unless it is strictly limited, and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that the imprisonment serves the government's legitimate goals"); see also Doe v. Beccera, 732 F. Supp. 3d 1071 (N.D. Cal. 2024) (applying five-factor test "regarding detention before criminal trial and civil commitment proceedings [to determine] whether continued detention" under another mandatory detention statute, 8 U.S.C. § 1226(c), "violates substantive due process").

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondents be ordered to provide Petitioner TSEGA TEWOLDEMEDHIN HAGOS (A# 221-417-399) with a bond hearing before an IJ within fourteen (14) days where the IJ must order petitioner released unless petitioner is found by the IJ to constitute a risk of flight or danger to the community by clear and convincing evidence.

3. Within 3 days from the date of the bond hearing, respondents be directed to file a notice in this court certifying compliance with the above provision.

4. Any order adopting these findings and recommendations include language that it does not address the circumstances in which respondents may detain Petitioner in the event petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

5. The Clerk of Court be directed to enter judgment in favor of Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

////

////

////

////

////

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 15, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE