UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSEGA TEWOLDEMEDHIN HAGOS,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-04432 TLN SCR<br>A # 221-417-399<br><br>**ORDER** |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 15, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 10.) Respondent filed objections to the findings and recommendations, objecting for the reasons set forth in their prior pleading. (ECF No. 11.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 15, 2026 (ECF No. 10) are ADOPTED in full.

2. Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Respondent is ENJOINED and RESTRAINED from continuing to detain Petitioner Tsega Tewoldemedhin Hagos (A # 221-417-399) for more than **seven (7) days** from the date of this Order without a bond hearing before a neutral factfinder at which the government bears the burden to justify Petitioner's detention through a showing that Petitioner poses a danger to the community or a flight risk by clear and convincing evidence. The factfinder must consider Petitioner's financial circumstances for bond and alternative conditions of release. At any such hearing, Petitioner shall be allowed to have counsel present. If Petitioner is not found to be a danger to society or a flight risk, Respondent must immediately release Petitioner. Respondent may impose any restrictions or conditions determined to be necessary by the factfinder at the hearing.

4. Within **five (5) days** from the date of the bond hearing, Respondent is ORDERED to file a status report confirming that the hearing occurred, the date of the hearing, and the outcome of the hearing.

5. If Petitioner is released, Respondent is further ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government bears the burden to show by clear and convincing evidence that material changed circumstances demonstrate: (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk of Court is directed to enter judgment in favor of Petitioner and to close this case.

IT IS SO ORDERED.

Date: July 22, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE