UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSEGA TEWOLDEMEDHIN HAGOS (A# 221-417-399),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-04432 TLN SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this not w closed habeas corpus action pursuant to 28 U.S.C. § 2241. The assigned District Judge referred Petitioner's pending motion to enforcement judgement (ECF No. 15) to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1). ECF No. 16. For the reasons set forth below, the undersigned recommends that the motion be granted.

**I. Factual and Procedural History**

Petitioner is a citizen and national of Ethiopia who entered the United States without inspection on or around May 20, 2025, and has remained continuously in custody pursuant to 8 U.S.C. § 1225(b)(1).[1] On July 15, 2026, the undersigned issued findings and recommendations that Petitioner's detention had become unconstitutionally prolonged and recommended

[1] The undersigned incorporates the full factual background in the findings and recommendations issued on July 15, 2026. ECF No. 10 at 1-2.

Respondent be ordered to provide her with a bond hearing in which the government bore the burden of proof by clear and convincing evidence. ECF No. 10. District Judge Nunley adopted the findings and recommendations in full on July 23, 2026. ECF No. 12.

The court-ordered bond hearing occurred on July 29, 2026. ECF No. 14-1. The immigration judge ("IJ") found the Department of Homeland Security ("DHS") "proved by clear and convincing evidence that Respondent would be a flight risk if released." Id. at 1. Petitioner timely appealed the ruling to the Board of Immigration Appeals ("BIA"). ECF No. 15-4.

The IJ elaborated on her reasons for denying bond in the bond memorandum drafted after Petitioner's appeal. ECF No. 15-1. After setting forth the multi-factor test of Matter of Guerra, 24 I. & N. Dec. 37 (BIA 2006), the IJ determined that DHS did not establish Petitioner posed a danger. As to flight, the IJ identified the fact Petitioner has a cousin who had offered to serve as her sponsor and provide her with housing as weighing positively on the Guerra factors of fixed address and family ties. Id. at 1. The IJ found the other evidence weighed negatively, explaining:

> [O]ther than her cousin, Respondent lacked other ties to the United States, or a specific community within the United States. She has a short residence in the United States, has no employment history in the United States, and has no ties which would prevent her from going elsewhere in the United States to avoid apprehension were her removal proceedings to not go in her favor. Moreover, Respondent had entered the United States without inspection, which is a negative factor and shows a willingness to disregard United States law.
>
> The most important factor that weighed heavily in the Court's decision was a lack of viable relief in Respondent's removal proceedings. Respondent's applications for relief were pretermitted by an Immigration Judge. Although an appeal is pending before the [BIA], counsel gave no indication of any reason why that appeal should be successful. Thus, the possibility of relief is extremely speculative. The fact that Respondent does not have a viable pathway for relief is a significant negative fact. *See Matter of Andrade,* 19 I. & N. Dec. 488, 490 (BIA 1987) ("A[n alien] with a greater likelihood of being granted relief from deportation has a greater motivation to appear for a deportation hearing than one who, based on a criminal record or otherwise, has less potential of being granted such relief.").

Id. at 3. For these reasons, the IJ concluded that DHS "showed by clear and convincing evidence that Respondent would be a light risk if released such that no amount of monetary bond or alternative conditions would be appropriate." Id.

Petitioner filed a motion to enforce judgment on September 16, 2026. ECF No. 15. Petitioner agues the IJ abused his discretion by failing to hold the government to its burden and

"rest[ing] on cursory assertions rather than specific, individualized evidence." Id. at 3-4. She also argues that the IJ did not meaningfully explain why her sponsor mitigation evidence was insufficient or evaluate whether a higher bond amount or alternatives to detention could reasonably mitigate flight risk. Id. at 4. Petitioner seeks immediate release on reasonable conditions of supervision or, in the alternative, a "constitutionally compliant bond hearing." Id. at 5-6. In support of release, Petitioner submitted medical records that purportedly show significant mental health deterioration during her lengthy detention. ECF No. 15-6.

Respondent opposes the motion on grounds the Court should require Petitioner to exhaust her appeal to the BIA. ECF No. 19 at 2-4. On the merits, Respondent disputes that the IJ abused his discretion. They argue that the IJ allocated the clear-and-convincing burden to the government, thoughtfully weighed the Guerra factors, and fully considered the evidence. Id. at 4-5. Respondent also asserts that the IJ's finding of flight risk made any consideration of alternatives to detention or Petitioner's financial circumstances unnecessary. Petitioner did not file a reply.

## II. Legal Standards

A district court has continuing jurisdiction to enforce its injunctions. Crawford v. Honig, 37 F.3d 485, 488 (9th Cir. 1994); see also Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). The party seeking to enforce the injunction has the burden of showing by clear and convincing evidence that the enjoined party violated a specific provision of the court's order. Kia America, Inc. v. Rally Auto Group, Inc., Case No. 8:22-cv-00109-JVS-JDE, 2022 WL 17185011 at *2 (C.D. Cal. Oct. 20, 2022) (citing FTC v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999)). The language in an injunction should be clear such that ordinary persons will know "precisely" what action is proscribed in order to provide sufficient notice to the party being enjoined. Clark v. Coye, 60 F.3d 600, 604 (9th Cir. 1995). "[A]ll ambiguities are resolved in favor of the person [or entity] subject to the injunction." United States v. Holtzman, 762 F.2d 720, 726 (9th Cir. 1985).

Petitioner seeks to enforce the Court's order that she receive "a bond hearing before a neutral factfinder at which the government bears the burden to justify Petitioner's detention through a showing that Petitioner poses a danger to the community or a flight risk by clear and convincing evidence." ECF No. 12 at 2. "Thus, the Court's analysis here is grounded in the legal standard for reviewing IJ detention determinations." Kumar v. Noem, No. 1:26-CV-01148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence[,]" but rather determining whether the IJ "applied the correct legal standard." Id. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court['s] . . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" Quan v. Barr, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting Hilario Pankim v. Barr, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)).

Incorporating the two standard-of-review doctrines discussed above, the undersigned next determines whether Petitioner has shown clearly and convincingly that the IJ erred in a way prohibited by the Court's order in the underlying habeas action. The undersigned will also determine whether Petitioner has shown clearly and convincingly that the IJ abused her discretion in determining that she flight risk by clear and convincing evidence.

## III. Analysis

### A. Prudential Exhaustion

Before turning to the merits, the undersigned will address Respondent's exhaustion argument. "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass

of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)). "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez, 872 F.3d at 988 (citing Leonardo, 646 F.3d at 1161). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

Some judges within the Ninth Circuit have found motions to enforce a judgment exempt from prudential exhaustion requirements. See Kumar, 2026 WL 983129, at *3 (finding that the petitioner need not exhaust administrative remedies for the court to determine whether the immigration judge had complied with its prior order); Sales v. Johnson, No. 16-cv-01745-EDL, 2017 WL 6855827, at *7 (N.D. Cal. Sept. 20, 2017) (finding that the prudential exhaustion requirement does not apply to a motion to enforce final judgment); Mau v. Chertoff, 562 F. Supp. 2d 1107, 1114 (S.D. Cal. 2008) (finding the petitioner's motion to enforce judgment "relates directly to this Court's prior order and, as such, there are no administrative remedies to exhaust."). Other judges have declined to apply a "prior order" carveout, but excused prudential exhaustion on other grounds. See C.A.R.V. v. Wofford, No. 1:25-cv-01395-JLT-SKO, 2026 WL 241823, at *4 (E.D. Cal. Jan. 29, 2026); Perez v. Wolf, 445 F. Supp. 3d 275, 285-86 (N.D. Cal. 2020)).

The undersigned need not reach this issue because prudential exhaustion is not required under the Puga factors. 488 F.3d at 815. As the assigned District Judge has explained:

> An administrative record is not necessary to resolve the due process questions presented by Petitioner. Waiver of the prudential exhaustion requirement will not encourage the deliberate bypass of the administrative scheme in future cases because this is a unique circumstance in which Petitioner seeks to enforce a federal court injunction. Further, any risk of deliberate bypass of administrative procedures is reduced by the fact that district courts will only have jurisdiction in the "rare case[s]" where future petitioners allege a "colorable" constitutional or legal challenge to the Government's procedures.

Gurpreet S. v. Warden of Golden State Annex Det. Facility, No. 1:26-CV-00437-TLN-JDP, 2026 WL 1678332, at *3 (E.D. Cal. June 10, 2026) (quoting Hernandez, 872 F.3d at 989). Even if exhaustion was required, the undersigned agrees with Petitioner that the constitutional question presented renders exhaustion futile. See Singh v. Warden, Golden State Annex Det. Facility, No. 1:26-CV-01973-DAD-CSK, 2026 WL 1328588, at *5 (E.D. Cal. May 13, 2026) (finding exhaustion futile where the court need only review the legal question of whether the IJ imposed the court-ordered, clear-and-convincing evidentiary burden); Y.S.G. v. Andrews, No. 2:25-CV-1884-SCR, 2025 WL 2979309, at *7 (E.D. Cal. Oct. 22, 2025) (noting the BIA has "consistently refused to reach and decide constitutional questions").

**B. Review of the IJ's Bond Decision**

**1. The IJ Failed to Apply the Appropriate Burden of Proof**

The clear and convincing standard requires the government to present evidence that establishes "an abiding conviction that the truth of its factual contentions at issue are highly probable." Colorado v. New Mexico, 467 U.S. 310, 316 (1984) (internal citation and quotation marks omitted); see also Mondaca-Vega v. Lynch, 808 F.3d 413, 422 (9th Cir. 2015) (same). This is only the case where "the material it offered instantly tilted the evidentiary scales in the affirmative when weighed against the evidence . . . offered in opposition." Colorado, 467 U.S. at 316. When reviewing a bond decision pursuant to a habeas petition, absent any "red flags," the district court should assume that the IJ applied the standard that it announced in its bond memorandum review of the immigration judge's bond decision. Martinez, 124 F.4th at 785.

At the beginning of the written bond memorandum, the IJ properly identified that the government bore the burden of proof by clear and convincing evidence. ECF No. 15-5 at 2. However, as explained below, there are considerable red flags in his written bond memorandum indicating that he failed to hold the government to that heightened burden.

The "most important factor" to the IJ was the "extremely speculative" possibility of immigration relief on BIA appeal. ECF No. 15-5 at 3. For support, the IJ cites Matter of Andrade, 19 I. & N. Dec. 488 (BIA 1987). Id. In that case, the BIA found that the noncitizen's extensive criminal history—the BIA described him as having been "engaged in criminal activity

or incarcerated for his crimes" for "much of the last 12 years"—made it unlikely he would receive discretionary immigration relief, thus evincing a flight risk. 19 I. & N. Dec. 488, 490-91.

Petitioner argues the IJ's "prediction about Petitioner's pending appeal . . . cannot carry the Government's heightened burden." ECF No. 15 at 11. The undersigned agrees. Unlike the noncitizen in Andrade, Petitioner has no criminal history. The IJ did not cite any other reason why she was unlikely to succeed on appeal. Instead, he improperly shifted the burden and faulted *Petitioner's* counsel for failing to explain "why that appeal should be successful." ECF No. 15-5 at 3. "Given the significance the [IJ] placed on this consideration[,] and absent any individualized evidence as to why Petitioner would be unlikely to appear at future proceedings, the Court cannot find that the clear and convincing evidentiary standard was applied." Muzahir v. Chestnut, 837 F. Supp. 3d 1154, 1159 (E.D. Cal. 2026); see also Kumar, 2026 WL 983129, at *3 ("[I]t cannot be said that the limited availability of relief is evidence of flight that remotely approaches the clear and convincing standard the IJ purported to apply."); Tiboko-Tifuh v. Noem, No. 26-cv-1215-JO-DEB, 2026 WL 1603795, at *3 (S.D. Cal. June 4, 2026) (finding that the IJ's reliance on the speculation that Petitioner was unlikely to succeed on appeal and would have nothing to "come back for" did not replace evidence or satisfy the clear and convincing evidence standard).

Further, the relevance of Petitioner's chance of success on appeal to the Guerra analysis is not readily apparent. Under Guerra, a noncitizen's flight risk may be evaluated based on a number of factors including (1) whether the individual has a fixed address in the United States; (2) length of residence in the United States; (3) the individual's family ties in the United States, "and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen's record of appearance in court; (6) the [noncitizen]'s criminal record . . . ; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from the authorities; [and] (9) the [noncitizen]'s manner of entry to the Unites States." Guerra, 24 I. & N. Dec. 37, 39-40. The IJ's finding that Petitioner was a flight risk based on her speculative immigration relief "find[s] no footing in any of these factors, or any other reasonable factor that might be adopted to measure an individual's risk of flight." Kumar, 2026 WL 983129, at *3.

The decision contains other "red flags" that call into question the IJ's implementation of the Court's order. After properly allocating the burden of proof to the government, the IJ emphasized that he has "extremely broad discretion in deciding whether or not to release [a noncitizen] on bond." ECF No. 15-5 at 2 (citing Guerra, 24 I. & N. Dec. at 39). In ruling on a procedurally similar motion to enforce, the undersigned explained that the clear and convincing standard limits an IJ's typically broad discretion under the INA:

> [An IJ's broad discretion] may be true in a generic bond proceeding under 8 U.S.C. § 1226. But as explained in Martinez, it is not true in a constitutionally mandated proceeding involving a heightened burden on DHS. Just as in Martinez, here a habeas court had already ruled that "due process requires the government to show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community at the time of the bond hearing." Martinez, 124 F.4th at 784 (quoting Martinez v. Clark, 2019 WL 5962685, at *1 (W.D. Wash. Nov. 13, 2019)). "That determination did not leave room for an added layer of agency discretion;" if the IJ "found that [petitioner] was not dangerous, [the IJ] would have had to release him." Id. Thus, the "IJ's reference to broad discretion imported a legal standard at odds with the preliminary injunction.

Y.S.G., 2025 WL 2979309, at *9. This error "appears to have infected the IJ's decision concerning . . . flight risk and is not mitigated by the IJ's statement that [he] applied the clear and convincing standard." Id.

In all, these red flags suggest that the IJ's invocation of the clear and convincing standard functioned as "lip service" to a heightened standard that the IJ did not then abide "in [his] reasoning and decision."[2] Nat't Res. Def. Council, Inc. v. Pritzker, 828 F.3d 1125, 1135 (9th Cir. 2016). Accordingly, the undersigned finds that the IJ abused his creation in denying bond.

**2. The IJ's Failed to Explain His Findings**

Petitioner also argues that the IJ failed to explain why her evidence, namely a sponsor letter "demonstrating community ties, sponsorship, a fixed residence, and willingness to comply with supervision," did not sufficiently mitigate flight risk. ECF No. 1 at 8-10.

---

[2] Petitioner also argues that the IJ failed to consider her evidence, namely a sponsor letter "demonstrating community ties, sponsorship, a fixed residence, and willingness to comply with supervision." ECF No. 1 at 10. "[A]ny indication that the [IJ] did not consider all of the evidence before it," such as "misstating the record and failing to mention highly probative or potentially dispositive evidence," is an abuse of discretion. Cole v. Holder, 659 F.3d 762, 771–72 (9th Cir. 2011). But here, the IJ not only mentioned the sponsor information but determined it "weighed positively" in Petitioner's favor. ECF No. 15-5 at 3.

"[A]ny indication that the [IJ] did not consider all of the evidence before it," such as "misstating the record and failing to mention highly probative or potentially dispositive evidence," is an abuse of discretion. Cole v. Holder, 659 F.3d 762, 771–72 (9th Cir. 2011). But here, the IJ not only considered the sponsor information but found it "weighed positively" in Petitioner's favor. ECF No. 15-5 at 3. The fact the IJ credited this information yet still determined Petitioner posed a flight risk reflects the inconsistency of his ruling. For example, his findings that Petitioner has "no specific community in the United States" and "no ties which would prevent her from going elsewhere in the United States to avoid apprehension" are directly contradicted by his positive findings of a fixed address and family ties one paragraph earlier. In the credited sponsor letter, her cousin specifically explains that the two grew up together, that she will "help her successfully reintegrate into the community," and ensure she attends future immigration hearings and appointments. ECF No. 15-3.

The IJ's explanation of Petitioner's flight risk is wholly inconsistent with the credited sponsor evidence and cannot stand. "When an IJ's decision is 'arbitrary, irrational, or contrary to law,' it is an abuse of discretion." Jose G.M.L. v. Warden of the Golden State Annex Det. Facility, No. 1:26-CV-00047-TLN-EFB, 2026 WL 1983412, at *6 (E.D. Cal. July 9, 2026) (quoting Bonilla v. Lynch, 840 F.3d 575, 581 (9th Cir. 2016)); see also Sagaydak v. Gonzales, 405 F.3d 1035, 1040 (9th Cir. 2005) ("Immigration judges . . . cannot reach their decisions capriciously and must indicate how they weighed the factors involved and how they arrived at their conclusion." (quoting Yepes–Prado v. INS, 10 F.3d 1363, 1370 (9th Cir. 1993))) (cleaned up). For this additional reason, the undersigned finds the IJ's ruling was an abuse of discretion and recommends that Petitioner's motion be granted.[3] See Bhim Raj KC v. Chestnut, No. 1:26-CV-03159-TLN-SCR, 2026 WL 2099279, at *3 (E.D. Cal. July 21, 2026) (finding an abuse of discretion where the IJ's conclusions regarding the petitioner's documented family ties were

[3] Petitioner also argues that the IJ did not comply with the Court's order that he "must consider Petitioner's financial circumstances for bond and alternative conditions of release." ECF No. 12 at 2. In light of the IJ's flight risk finding, this claim appears to be foreclosed by the Ninth Circuit's ruling in Martinez. See 124 F.4th at 786 (IJs need not consider financial circumstances or alternatives to detention after finding the noncitizen posed risk of danger or flight).

"illogical and unsupported by the record.").

**IV. Remedy**

For the reasons set forth above, the undersigned recommends that Petitioner's motion to enforce judgement be granted. "Federal courts have a fair amount of flexibility in fashioning specific habeas relief." Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). As the assigned District Judge and others have found in similar cases where an IJ failed to provide a constitutionally adequate hearing, the appropriate remedy may be immediate release or a new hearing. See, e.g., Bhim Raj KC, 2026 WL 2099279, at *3 (ordering release); Mani Kumar v. Warden, No. 1:26-CV-00035-KES-CDB, 2026 WL 2078191, at *6 (E.D. Cal. July 17, 2026) (collecting cases ordering release and new bond hearings).

Petitioner's detention has now exceeded seventeen months. As the undersigned explained in the underlying findings and recommendations, "there is no clear end date for [her] detention" given her pending BIA appeal. Hagos v. Chestnut, No. 1:26-CV-04432 TLN SCR, 2026 WL 2043419, at *3 (E.D. Cal. July 15, 2026), report and recommendation adopted, No. 1:26-CV-04432 TLN SCR, 2026 WL 2125335 (E.D. Cal. July 23, 2026). In addition, Petitioner has offered unrefuted evidence of developing and worsening mental health symptoms. See ECF No. 15-6 at 5 (psychiatry referral dated June 29, 2026, identifying symptoms of "sleep impairment, intrusive thoughts, depressed mood, trauma trigger to loud noises, isolating behavior, and low [activities of daily living]."). In light of these circumstances, the undersigned finds the appropriate remedy for this violation of Petitioner's constitutional rights is not a further bond hearing, but release. See Bhim Raj KC, 2026 WL 2099279, at *3 (finding the IJ's abuse of discretion "perpetuated the same prolonged detention this Court already found problematic" and ordering release).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to enforce judgment (ECF NO. 15) be GRANTED.

2. Respondent be ordered to IMMEDIATELY RELEASE Petitioner TSEGA TEWOLDEMEDHIN HAGOS (A# 221-417-399) from custody. Respondent may place

Petitioner on standard conditions of supervision.

3. At the time of release, Respondents must return all of Petitioner's documents and possessions.

4. Respondent be ordered to must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.

5. Respondents be ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. See Zadvydas, 533 U.S. at 690; Hernandez, 872 F.3d 976. At any such hearing, Petitioner shall be allowed to have counsel present; and

6. The Clerk of the Court be directed to Serve California City Correctional Center with a copy of this Order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

////

////

////

////

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE